**UNITED STATES of America**
v.
**Kenneth GREEN, Appellant.**
**No. 23003.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 9, 1970.

Decided Feb. 19, 1970.

Petition for Rehearing Denied April 29, 1970.

Mr. Daniel M. Head, Washington, D. C. (appointed by this court) for appellant.

Mr. James L. Lyons, Asst. U. S. Atty., for appellee. Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Seymour Glanzer, Asst. U. S. Attys., also entered appearances for appellee.

Before TAMM, MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

In Green v. United States, 132 U.S. App.D.C. 98, 405 F.2d 1368 (1968) our appellant's conviction of first degree murder was reversed. At a second trial on the same indictment a jury again found the appellant guilty of first degree murder. (22 D.C.Code § 2401 (1967)). This is an appeal from the second conviction.

Careful consideration of the questions now raised by the appellant reveals no error requiring reversal. One contention merits a brief discussion.

In the first *Green* case, 132 U.S.App. D.C. 98, 100, 405 F.2d 1368, 1370, this Court held that it was error to tell the jury, in an instruction on malice: "In determining whether a wrongful act is intentionally done and therefore, is done with malice, you should again bear in mind that every man is presumed to intend the natural and probable consequences of his own acts." The Court found this instruction defective, since a wrongful act intentionally done is not therefore done with malice and since the instruction omitted the elements of willfulness and lack of justification or excuse that are components of malice.

The appellant complains that substantially the same instruction was repeated in the second trial, when the court told the jury: "In determining whether a wrongful act is intentionally done *and is therefore done with malice aforethought* you should again bear in mind that it may be inferred that every man intends the natural and probable consequences of his act, but you are not required to so infer." (Emphasis supplied.) No objection to this portion of the court's charge was made although appellant's counsel at the retrial was the same attorney who had represented him on his first appeal.

In the absence of objection and under the circumstances of this case we do not find that the inclusion of the words "and is therefore done with malice aforethought" in the challenged instruction was plain error requiring reversal. If his attention had been drawn to it there is little doubt that the capable and experienced trial judge would have corrected the error. Furthermore, the objectionable language appeared in the context of a careful and thorough exposition of the definition of malice which made it plain that willfulness and a lack of justification or excuse were essential elements of such a state of mind. Considering the charge as a whole, it is inconceivable that the jury that found the appellant guilty of deliberate and premeditated murder would have failed to find malice and would therefore have convicted the appellant of manslaughter, if the single erroneous clause had been omitted. Cf. Belton v. United States, 127 U.S.App.D.C. 201, 204–206, 382 F.2d 150, 153–155 (1967).

Reversal of this judgment is not required by the decision in the first *Green* case. In that case there were two erroneous instructions on malice. See United States v. Wharton, No. 22,433, decided January 5, 1970, slip op. pp. 11, 12.

The judgment is

Affirmed.