William Edward SMITH, Appellant,

v.

UNITED STATES, Appellee.

No. 5259.

District of Columbia Court of Appeals.

Argued July 14, 1970.

Decided Oct. 8, 1970.

Kenneth Shepherd, appointed by this court, for appellant.

John O'B. Clarke, Jr., Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Jerome Wiener, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, GALLAGHER, Associate Judge, and MYERS, Associate Judge, Retired.

PER CURIAM:

Appellant was convicted of attempted procuring[1] after a jury trial. Two police officers testified for the Government. The first officer testified, in substance, that he was approached by appellant at about 2 o'clock one morning at 14th and K Streets, N.W., and was solicited for the purpose of prostitution. The second officer testified in corroboration that he was across the street and saw the approach by appellant, though he did not hear the conversation.

Appellant was the only witness in his own behalf. He testified that he was at that location at the time asserted but that the officer approached him and inquired where "the girls, the happenings" were; and that, upon telling the officer he did

---

1. D.C.Code 1967, §§ 22–103 and 22–2707.

not know, he was arrested. Appellant contends the trial court committed error in instructing the jury as follows:

> If you believe any witness has testified falsely concerning any material fact, about which the witness could not be reasonably mistaken, then you are at liberty to, if you wish, to disregard all of the testimony of that witness, *except such parts as has been corroborated by other testimony. What is meant by the last statement in the context of this case is that you wouldn't disbelieve any witness that they were at 14th and K Streets on that particular night, because everybody says they were there.* (Emphasis added.)

Appellant contends, in essence, that since the Government introduced corroborating testimony the court's instruction resulted in prejudicial error because the jury was told it could not disbelieve testimony which was corroborated.

We note at the outset that appellant made no objection to this instruction at the trial, as required.[2] Consequently, appellant necessarily is in the position of asking us to find plain error requiring reversal.[3] We do not do so.

It was error to instruct the jury in the context of what is commonly known as the *falsus in uno* instruction that they were not at liberty to disregard such parts of a witness' testimony as were corroborated by other testimony. Further, the court was inaccurate in stating that "everybody says they were" at 14th and K Streets, N.W., on that particular morning. Appellant testified he did not see the corroborating policeman at the scene. But all this did not go to the fundamental issue in the case. It was not an important issue whether appellant and the officers were at 14th and K Streets early that morning. Appellant admitted he

was there but said the officer approached him, not the reverse. Consequently, the case really revolved around the contents of the conversation that concededly took place between appellant and the officer on the corner that morning and which, admittedly, was not heard by the corroborating officer.

It is apparent that the court's *falsus in uno* instruction could hardly have affected materially the jury's deliberations on the substantial issue in the case. We might add that if its attention had been drawn to it, the court might well have corrected the error. Furthermore, prior to this particular instruction the court explicitly told the jurors they were the sole judges of credibility and it was their duty to resolve any conflict in the testimony and determine whom they would believe.

Under these circumstances, and viewing the court's instructions in their entirety, we do not find plain error substantially affecting appellant's rights.[4]

Affirmed.

HOOD, Chief Judge (concurring):

I fully concur but add the following. It is my opinion that when a trial judge, as he must, instructs the jurors that they are the sole judges of the credibility of the witnesses and the weight to be given their testimony, there is no occasion to give the *falsus in uno* instruction. I am in full accord with the late Judge Parker who, speaking for the Fourth Circuit Court of Appeals in Virginian Railway Co. v. Armentrout, 166 F.2d 400, 405–406 (1948), 4 A.L.R.2d 1064, said:

> There was no occasion to apply to such testimony the harsh falsus in uno falsus in omnibus rule, which has little or no place in modern jurisprudence. That rule arose when conviction of felony

---

2. G.S.Crim.R. 30.

3. G.S.CrimR. 52(b); Taylor v. United States, 95 U.S.App.D.C. 373, 379, 222 F. 2d 398, 404 (1955).

4. United States v. Green, 137 U.S.App. D.C. 424, 424 F.2d 912 (1970).

disqualified a witness; and it was based on the reasoning that, since perjury was a felony, the jurors should disregard the testimony of one whom they found to have perjured himself in the trial before them. The rule has been watered down until it means no more now than that the jury may disbelieve a witness if they think he is lying; but they need no instruction as to that and giving it with respect to a particular witness accomplishes nothing except to convey to the jury the impression that the judge thinks that the witness has lied. As was well said by Prof. Wigmore in his great work on evidence, 2d Ed., vol. 2 p. 449: "It may be said, once for all, that the maxim is in itself worthless, first, in point of validity, because in one form it merely contains in loose fashion a kernel of truth which no one needs to be told, and in the others it is absolutely false as a maxim of life; and secondly, in point of utility, because it merely tells the jury what they may do in any event, not what they must do or must not do, and therefore it is a superfluous form of words. It is also in practice pernicious, first, because there is frequently a misunderstanding of its proper force, and secondly, because it has become in the hands of many counsel a mere instrument for obtaining new trials upon points wholly unimportant in themselves."