**Robert Willie FISHER, Petitioner,**

v.

**Leroy STYNCHCOMBE, Sheriff of Fulton County, Respondent.**

**Civ. A. No. 15790.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 21, 1972.

---

Glenn Zell, Atlanta, Ga., for petitioner.

Lewis R. Slaton, Joel M. Feldman, Carter Goode, Creighton W. Sossoman, Atlanta, Ga., for respondent.

## STATEMENT OF THE CASE

HOOPER, Senior District Judge.

The above petitioner having been convicted of the crime of murder in the Superior Court of Fulton County, Georgia, and his conviction having been affirmed by the Georgia Supreme Court,[1] alleges that the following charge of the trial judge constituted error:

> "When the State's evidence shows the commission of a homicide by the accused, by the use of a deadly weapon, *the law presumes murder.*"

It is alleged that "the above charge placed the burden of proving petitioner's innocence on him, relieved the State of proving a necessary element of murder, being malice, and thereby shifted the burden of proof to petitioner and deprived him of the presumption of innocence in violation of petitioner's constitutional right of due process."

Whether the above-quoted portion of the charge constituted prejudicial error against the accused must be considered in the light of the entire charge, which contained the following:

> After reciting the terms of the indictment, the Court charged, "To that indictment the defendant has entered his plea of not guilty, and the indictment, on the one hand, and the plea of not guilty, on the other, form the issue which you as jurors have been impaneled to try . . .
>
> "The defendant's plea of not guilty challenges and denies every material allegation in this indictment, and I charge you that before The State is entitled to a verdict of guilty . . . at your hands, the burden is upon The State of proving the defendant guilty as charged beyond a reasonable doubt. The burden is upon The State to prove to a moral and reasonable certainty, and beyond a reasonable doubt, every material allegation in the indictment. The State must prove beyond a reasonable doubt that an offense was committed as alleged, and that the defendant now on trial was the one who committed it.
>
> "The defendant enters upon this trial with the presumption of innocence in his favor, and this presumption remains with him *throughout the trial,* unless and until it is overcome by evidence sufficiently strong to satisfy you as to his guilt as charged, to a reasonable and moral certainty and beyond a reasonable doubt. . . . (Emphasis added).
>
> "The defendant has made a statement in his own behalf. . . . It shall not be under oath, as he sees fit. . . . They [the jury] may believe it in preference to the sworn testimony in the case. . . ."

The Court also repeated his charge that the evidence against the accused must be

> "sufficiently strong to satisfy your minds and consciences to a reasonable

1. See Fisher v. State, 228 Ga. 100, 134 S.E.2d 156 (1971).

and moral certainty and beyond a reasonable doubt of the defendant's guilt."

The Court charged the provisions of Georgia Code § 26–1101 defining murder as follows:

"A person commits murder when he unlawfully and with malice aforethought, either expressed or implied, causes the death of another human being,"

and defined implied malice as follows:

"Malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart."

In regard to the defense offered by petitioner in the trial the Court charged that,

"Misfortune or accident is not a crime. A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, or intention, or criminal negligence." [2]

He then charged as follows:

"Legal malice is not ill-will or hatred. It is the unlawful intention to kill without justification or mitigation, which intention, however, must exist at the time of the killing alleged. But it is not necessary for that intention to exist for any length of time before the killing; in legal contemplation, a man may form the intention to kill, do the killing instantly, and regret the deed as soon as done."

Then follows the excerpt complained of, viz.:

"When The State's evidence shows the commission of a homicide by the accused, by the use of a deadly weapon, the law presumes murder."

## OPINION

1. The question involved is whether or not the above-quoted charge of the Court constituted prejudicial error. The alleged error in the charge is that the charge placed the burden of proving petitioner's innocence on him, relieved the State of proving a necessary element of murder, being malice, and thereby shifted the burden of proof to petitioner and deprived him of the presumption of innocence in violation of petitioner's right of due process.

2. As the respondent is contending that the excerpt complained of states a correct principle of law but contends that, whether correct or not, the jury could not have been misled by the same, the excerpt will first be considered in the light of its legality.

If the jury assumed that the presumption referred to was a rebuttable presumption, it did state the law correctly, for there is a rational connection between a homicide by use of a deadly weapon and the offense of murder.[3]

■ If the charge conveyed either the meaning that upon proof of such killing, unexplained by the defendant, the State had made a prima facie case of murder or the meaning that upon proof of such killing the defendant might then show justification for the same, it would be proper, for then the presumption in question would only shift to the defendant the burden of going forward with the evidence, but

---

2. The term "satisfactorily appears," as in many cases herein cited, was not defined. It could be taken to mean that defendant's statement as to accident, if it raised a reasonable doubt of guilt, would mean that it "satisfactorily appears" no crime was committed.

3. The test to be applied in such cases is thoroughly discussed in the case of Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). See also Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). As to the method of determining whether a presumption is well founded, see United States v. Armenteros, 452 F.2d 1177 (5th Cir., 1971).

even then it would not force the defendant to do so.[4]

■ 3. The vital and controlling question here raised, therefore, is whether or not such charge did, as contended by the petitioner "place the burden of proving petitioner's innocence on him . . . and deprived him of the presumption of innocence in violation of petitioner's constitutional right of due process."

Taken out of context the mere statement that if the jury finds the defendant shot and killed deceased, the law presumes murder would certainly be error, particularly in a case where the defendant admits shooting and killing the deceased but claims it was accidental. Such charge, however, in connection with further instructions by the Court that there is a presumption of innocence in favor of defendant which remains with him throughout the trial, that the burden of proving guilt is upon the State, that defendant's statement not under oath could be believed in preference to the sworn testimony in the case, that the jury should find the defendant not guilty if they entertained a reasonable doubt as to his guilt, would certainly be sufficient to remove from the minds of the jury any such erroneous impression created by the short excerpt from the charge above quoted.

The portion complained of must be considered in the light of the entire charge.[5]

This Court finds several federal cases where charges virtually identical to the charge here involved were held illegal in the abstract but harmless error in the context of the entire charge.[6]

For reasons above stated this Court holds that the charge complained of in this case did not constitute prejudicial error nor an error of constitutional dimensions which would justify this Court on a habeas corpus hearing in vacating the judgment of guilty entered in the trial court and upheld by the Georgia Supreme Court.

## JUDGMENT OF THE COURT

Based upon findings of fact, conclusions of law, and opinion of the Court filed herewith,

It is ordered and adjudged that the prayers of plaintiff's petition in the aforesaid case be and they are hereby denied and the case is dismissed.

4. In many cases matters of defense can only be known by the defendant himself, and, therefore, when the prosecution makes a prima facie case, the presumption of innocence still remains with the defendant, who has the privilege of coming forward with defenses which will either justify his act or rebut the inference raised by the prosecution or at least raise a reasonable doubt as to defendant's guilt.

A similar illustration of this principle lies in Dyer Act cases, wherein the courts properly charge the jury that recent possession by the defendant of property proven to have been stolen, unless explained by the defendant to the satisfaction of the jury, will authorize, but not require, the jury to find the defendant guilty. As to an excellent example of a proper charge in such cases see United States v. Armenteros, supra, and see 21 U.S.C.A. § 176a providing that evidence of possession of a drug by defendant "shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury," and even then under some circumstances the presumption referred to is invalid.

5. See Russell v. United States, 429 F.2d 237 (5th Cir. 1970).

6. A line of federal cases has evolved in the District of Columbia Court of Appeals beginning with Belton v. United States, 127 U.S.App.D.C. 201, 382 F.2d 150 (1967) and running through Howard v. United States, 128 U.S.App.D.C. 336, 389 F.2d 287 (1967); Green v. United States, 132 U.S.App.D.C. 98, 405 F.2d 1368 (1968); United States v. Green, 137 U.S.App.D.C. 424, 424 F.2d 912 (1970) and ending with United States v. Wharton, 139 U.S.App.D.C. 293, 433 F.2d 451 (1970). In all of the cases cited, with one exception, the charge that the law infers or presumes from the use of a deadly weapon the existence of malice was held to be error but did not require reversal when considered in light of the entire charge.