**UNITED STATES of America,
Appellee,**

v.

**Richard TAGLIANETTI et al.,
Defendants-Appellants.**

**Nos. 71–1364 to 71–1366.**

United States Court of Appeals,
First Circuit.

Heard Feb. 23, 1972.

Decided March 10, 1972.

Judith H. Porteus, Boston, Mass., and William G. Grande, Providence, R. I., for Richard Taglianetti, appellant.

Kenneth M. Beaver, and Robert S. Ciresi, Providence, R. I., for Richard Ricci and Joseph Stefano, appellants.

Peter M. Shannon, Jr., Atty., Dept. of Justice, with whom were Lincoln C. Almond, U. S. Atty., John R. Tarrant, S. Michael Levin, and Sidney M. Glazer, Attys., Dept. of Justice, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

■ Defendants Taglianetti, Stefano, and Ricci were found guilty by a jury of making, and using extortionate means to collect an extension of credit. 18 U.S.C. §§ 892 and 894. The victim was one Poisson, who was the government's principal witness. No purpose would be served in summarizing the government's evidence, as no defendant considers it insufficient, except that Taglianetti says it fails to show his own participation. We may dispose of that claim very briefly. An after-hours meeting at an auto shop with all defendants present, and at which Poisson was roughed up and seriously threatened, was arranged by Taglianetti. It is true that he took no part in the action. However, if he had arranged the meeting as a true friend of Poisson's, as he now suggests, the jury could reasonably conclude that he had enough influence with the others so that at least he could have protested, if he was surprised at the developments.* Correspondingly, it could infer from the fact that he remained silent that he was a full, intentional participant.

This discussion also answers Taglianetti's objection to the prosecutor's argument to the jury, "We got $2000 interest for the $300 loan." It was appropriate argument to include Taglianetti in the "We." *See* United States v. Cotter, 1 Cir., 1970, 425 F.2d 450, 452.

■ Ricci and Stefano contend with some vigor that the court's participation in the questioning of their witnesses was excessive. We are not unsympathetic with such an objection when well-founded. *See, e. g.,* In re United States, 1 Cir., 1961, 286 F.2d 556, rev'd on other grounds sub nom. Fong Foo v. United States, 1962, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629. A defendant may reasonably feel that an over-participating court conveys an appearance of partiality. While not always appropriate, or desirable, it is not normally an abuse of discretion, however, for a court to suggest interrogation of a witness along a line that neither party has chosen to follow. There was no abuse here. We have read the transcript with care, and find defendants' objections to the court's conduct peculiarly ill-founded.

■ Next, defendant Stefano objects to the refusal, in whole or in part, of several requests for instructions. There was no error. The court does not have to tell the jury that, because a witness was called by the government, he is not entitled to special credence, or to remind it that one witness was the wife of another. Our time is wasted by such contentions. The *falsus in uno, falsus in omnibus* instruction has long been rejected. Northern Pacific R. R. Co. v. Hayes, 7 Cir., 1898, 87 F. 129, 132. The trial judge gave a general instruction on credibility of witnesses, together with a separate instruction relative to a witness who has been convicted of a felony. Nothing more is required. *See* Mims v. United States, 9 Cir., 1958, 254 F.2d 654; Hilliard v. United States, 4 Cir., 1941, 121 F.2d 992, cert. denied 314 U.S. 627, 62 S.Ct. 111, 86 L.Ed. 503. If defendant Ricci's request that certain evidence should be disregarded was not adequately given—and we make no suggestion it was not—objection should have been made after the charge.

■ While we are on this subject, however, we note that the court, in di-

---

* Taglianetti's being in charge of the arrangements for the meeting is reinforced by the fact that he insisted on waiting half an hour for Stefano, and it was Stefano who then struck Poisson in the face.

rect violation of F.R.Crim.P. 30 took, and purported to save, defendants' objections to the charge in chambers before delivery, rather than afterwards. This is improper practice, and must remain so unless or until the rule is changed. *See* Bouley v. Continental Cas. Co., 1 Cir., 1972, 454 F.2d 85.

 The defendants' many requests for severance need not have been granted. They were jointly charged. They jointly participated. While the joint trial resulted in certain evidence coming in against one defendant that was not admissible against another, evidence essentially identical in character was, on other occasions, properly adduced against the other. Under these circumstances any possible prejudice was minimized. We find no error here, nor in respect to certain other claims that do not call for individual discussion.

Affirmed.