**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Howard Olin HOLLAND, Sr., and Harold Edgar Allen, Defendants-Appellants.**

No. 74–4026.

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1976.

W. W. Larsen, Jr., Dublin, Ga., for defendants-appellants.

Ronald T. Knight, U.S. Atty., O. Hale Almand, Jr., John D. Carey, Asst. U.S. Attys., Macon, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, RIVES and GEE, Circuit Judges.

GEE, Circuit Judge:

Appellants, who were convicted along with others of violating 26 U.S.C.

§§ 5205(a)(2) (1970) (prohibiting the possession, buying, selling, or transfer of distilled spirits without a tax stamp on the container), 5604(a) (tax stamp violation) and 18 U.S.C. § 371 (1970) (conspiracy), challenge the government's compliance with a Rule 16 discovery order, the government's waiver of its opening statement at jury argument, the rehabilitation by prior consistent statement of a witness previously impeached by prior inconsistent statement, and the jury instruction concerning conflicting testimony. We find that the last point warrants a reversal and remand for retrial.

■ Appellants' first two arguments are easily dismissed. Appellants first argue that the trial court should have ordered a mistrial because the government failed to produce certain reports and a transcript of grand jury testimony.[1] But appellants have shown neither the prejudice[2] nor the abuse of discretion[3] necessary to require a mistrial. Appellants' second objection is foreclosed in this circuit by *United States v. Yaughn,* 493 F.2d 441 (5th Cir. 1974), which upheld a trial court ruling that allowed the government to waive its opening statement. As a panel of this court, we are unable to re-examine this question, whether or not we might wish to do so.

■ Appellants' third objection attacks the trial court's ruling permitting rehabilitation of a government witness impeached by a defense showing that the witness's trial testimony conflicted with prior grand jury testimony. The government rehabilitated its witness by showing that he expressly *corrected* his grand jury testimony in a later appearance. On remand, the government may again rehabilitate its witness in this manner. The doctrine of testimonial completeness that we discussed in *United States v. Cochran,* 499 F.2d 380, 388 (5th Cir. 1974), *cert. denied,* 419 U.S. 1124, 95 S.Ct. 810, 42 L.Ed.2d 825 (1975), allowing a witness impeached by a prior inconsistency to explain it away if he can, permits introduction of a statement made in the same proceeding to correct an earlier misstatement.

■ Appellants' fourth point mandates reversal. The trial judge instructed the jury:

As you have seen, there is some conflict in the testimony, and therefore it is for you, as the triers of the facts, to weigh, compare, and consider all of the testimony of all of the witnesses in the case, including the documentary and physical evidence, and determine where lies the truth of these disputed questions of fact.

*Now it is your duty, if you can, to reconcile the testimony of all the witnesses so that all witnesses shall have spoken the truth. If, however, you are unable to reconcile the testimony, you may then reject the testimony of such witness or such witnesses as you believe to be untrue or mistaken, and give credence to the evidence you think most worthy of belief.* (emphasis added)

The emphasized portion of the instruction is cousin-german to the discredited "presumption of truthfulness" charge, impermissibly conditioning the jury's right to disbelieve even uncontradicted testimony, *e. g., Farmer v. Caldwell,* 476 F.2d 22, 25 (5th Cir.), *cert. denied,* 414 U.S. 868, 94 S.Ct. 178, 38 L.Ed.2d 117

---

1. Appellants claim no violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or the Jencks Act, 18 U.S.C. § 3500. *Cf. United States v. Wertis,* 505 F.2d 683, 684–85 (5th Cir. 1975).

2. *See United States v. Saitta,* 443 F.2d 830, 831 (5th Cir. 1971).

3. *See, e. g., United States v. Jones,* 480 F.2d 954, 961 (5th Cir.), *cert. denied,* 414 U.S. 1071, 94 S.Ct. 582, 38 L.Ed.2d 476 (1973); *Pierce v. United States,* 414 F.2d 163, 169–70 (5th Cir.), *cert. denied,* 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969). The trial judge properly exercised his discretion in fashioning remedies short of mistrial. He prohibited the government from introducing most of the undisclosed reports. As for the grand jury transcript, a government attorney first discovered it shortly before trial and immediately made it available to defense counsel, who used it during trial.

**286**

(1973), and suggests that, where the testimony of witnesses conflicts in any particular, all of one must be received and all of the other rejected. Such interference with the common-sense factfinding process by which jurors labor toward verdicts cannot be countenanced. And while we are loath to reverse because of one relatively short passage in this charge, the area in which it occurs is a sensitive one peculiarly within the jury's province.

The logic used by Chief Judge Brown in censuring mandatory presumptions of truthfulness applies equally here:

> The truth finding function of a jury in determining the credibility of a particular witness is not a matter which can be committed to a verbalized formula by a Judge or a number of Judges or a Court or a number of Courts. Nor is the matter saved by such weasel-phrases . . . as "in the absence of convincing evidence to the contrary," "until outweighed by evidence to the contrary," etc.
>
> What is truth relates to facts, not legal principles. *Who* is telling the truth is not a legal question. *How* the truth is determined is not a legal matter. This is a thing committed to the common sense and good judgment of the jurors based on everyday experiences as human beings in an imperfect society. A moment's reflection will remind even Judges that in the quest for truth in their affairs off the bench, they believe, they disbelieve, they accept, or they reject the statements of their fellowmen in countless situations most frequently by intuitive judgment or impression wholly incapable of an articulate elucidation. The genius of the jury system is to transport this common sense into the machinery of the law. If the law undertakes to prescribe categorically either *what* is truth, or *who* is truthful, or *how* one goes about ascertaining *who* or *what* is truthful, the verdict becomes something less than the reflection of this process of good common sense.

*Knapp v. United States,* 316 F.2d 794, 796 (5th Cir. 1963) (concurring opinion) (emphasis original).

Regretfully, we conclude that the error noted contains such potential for prejudice to these defendants' rights that the verdict cannot stand.

Reversed and remanded.