**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Howard Olin HOLLAND, Sr. and Harold Edgar Allen, Defendants-Appellants.**

**No. 74–4026.**

United States Court of Appeals, Fifth Circuit.

Aug. 25, 1976.

Rehearing and Rehearing En Banc Denied Oct. 8, 1976.

---

5. See U.S.C.A. § 655(d).

6. See U.S.C.A. § 658.

W. W. Larsen, Jr., Dublin, Ga., for defendants-appellants.

Ronald T. Knight, U. S. Atty., O. Hale Almand, Jr., John D. Carey, Asst. U. S. Attys., Macon, Ga., for plaintiff-appellee.

ON PETITION FOR REHEARING

(Opinion Jan. 22, 1976, 5 Cir. 1976, 526 F.2d 284)

Before BROWN, Chief Judge, RIVES and GEE, Circuit Judges.

GEE, Circuit Judge:

Further consideration, consequent to petition for hearing by the United States and response by appellants, has caused us to conclude that the charge below, viewed as a whole, did not amount to reversible error. Otherwise, we adhere to the views expressed in the opinion.

The two sentences complained of from the court's lengthy charge are:

Now it is your duty, if you can, to reconcile the testimony of all the witnesses so that all witnesses shall have spoken the truth. If, however, you are unable to reconcile the testimony, you may then reject the testimony of such witness or such witnesses as you believe to be untrue or mistaken, and give credence to the evidence you think most worthy of belief.

As noted in our initial opinion, these instructions are subject to two incorrect inferences by the jury: that the jury may not elect to disbelieve uncontradicted testimony and that the jury must accept or reject in toto the testimony of any given witness where it is contradicted in any particular, as distinguished from accepting parts of such testimony and rejecting other portions. Telling jurors how to reason to arrive at the facts is a parlous business. Jurors' everyday experience in doing so in the thousands

of such choices with which life is filled is a major reason for their role in the trial process, and their experience in these common-sense matters may well be equal to that of the judge.

Nevertheless, it is not an invasion of the province of the jury for a judge to furnish jurors some guidance in their deliberations. The separation between law and fact as the respective provinces of the judge and jury is not so definite and complete that the judge must, or can properly, confine himself entirely to the law. It is a truism that federal judges are not mere automatons. They must and do follow the evidence closely. They rarely express their views on the ultimate facts, but they may make comments on the evidence on appropriate occasions, provided they make clear that their views are not binding on the jury and that the ultimate decision as to truth or falsity of fact lies with the jury.

In the present case the court charged that the members of the jury were the "sole judges of the facts in the case, the weight of the evidence and the credibility of the witnesses. If the court should express or you think has intimated any opinion with respect to the facts in the case, you are not bound by it." This point was preceded by a statement by the court that it did "not intend to interfere in any way with your exclusive responsibility to decide the issues in this case."

Viewing the charge as a whole, we finally conclude that the error represented by the portions of the charge first quoted above was harmless. If like instructions are to be given in the future, however, they should be recast to eliminate the possibility that the jury may draw the erroneous inferences noted. The petition for rehearing is granted, and the judgment of the district court is

AFFIRMED.