**Jerome KINARD, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 13712.

District of Columbia Court of Appeals.

Submitted May 10, 1979.

Decided June 20, 1980.

John E. Ormond, Jr., Washington, D.C., appointed by the court, was on briefs for appellant.

Earl J. Silbert, U. S. Atty. when the brief was filed, Washington, D.C., and John A. Terry, Peter E. George, and Margaret Ellen, Asst. U. S. Attys., Washington, D.C., were on brief, for appellee.

Before NEWMAN, Chief Judge, and HARRIS and MACK, Associate Judges.

HARRIS, Associate Judge:

Appellant was convicted by a jury of attempted petit larceny. D.C. Code 1973, §§ 22–103, –2202. He contends that the trial judge erred in refusing to give the jury the so-called *"falsus in uno"* instruction.[1] We affirm.

### I

Appellant's trial was brief. The first of the government's two witnesses was Henry Tydings, a special police officer for the Hecht Company department stores. He testified that while he was on duty in the linen department of the downtown store, he saw appellant remove a Hecht Company shopping bag from a canvas bag appellant was carrying and place what appeared to be several bed sheets inside the shopping bag. Tydings alerted other store detectives by radio as to what was transpiring. He then followed appellant, who walked past several cash registers without paying for the goods, went down an elevator, and headed toward an exit on the first floor. As appellant attempted to leave, Tydings pointed him out to another security officer, Claude Nelson, who stopped appellant short of the door. Four sheets and two pillowcases were recovered from appellant's possession.

On cross-examination, Officer Tydings testified that after appellant was arrested,

---

1. That instruction reads as follows:

   If you believe that any witness has willfully testified falsely with respect to any material fact about which the witness could not reasonably be mistaken, then you may, if you deem it fit to do so, disregard all or any part of the testimony of that witness, or you may accept such portion of his testimony as you find worthy of belief. [D.C. Bar Ass'n, *Criminal Jury Instructions* No. 2.12 (3d ed. 1978).]

he claimed that he had been attempting to exchange the sheets. Additionally, Tydings stated that he had not discussed appellant's case with the other officer who was to testify that day.

That other officer was Officer Nelson. Nelson corroborated Tydings' testimony about an internal radio alert and the stop. On cross-examination, however, he said that he had discussed appellant's case with Officer Tydings prior to trial. He also stated that he had not heard appellant claim that he had been attempting to exchange the merchandise.

In an endeavor to further the exchange theory, the defense put on its sole witness, appellant's aunt. She testified that on the day of appellant's arrest she had given him a "set of sheets and pillowcases," which she previously had purchased at the Hecht Company, to exchange for her. She added that those items were in a Hecht Company bag. Unfortunately for appellant, however, on cross-examination his aunt testified that the set she gave him to return consisted of two sheets, rather than the four which were found in the bag by the security officers.

At the close of the evidence, defense counsel requested that the trial court in-clude the *falsus in uno* instruction in its charge to the jury, asserting that the instruction was appropriate due to the discrepancy between Tydings' and Nelson's testimony concerning their discussing the case prior to trial. The court denied that request, stating, *inter alia*, that (1) it did not believe that the evidence warranted the instruction, (2) the jury's ability to account for any discrepancy in the testimony would be well covered by the general standard instructions on credibility, and (3) in light of the credibility instructions, defense counsel would be free to argue the disparity in the officers' testimony to the jury.[2]

Consistent with that ruling, in closing argument defense counsel emphasized the disputed testimony to the jurors, who, nevertheless, found appellant guilty of attempted petit larceny. Appellant now asserts that the trial court abused its discretion by not giving the requested instruction.

## II

The instruction sought by appellant has its historical antecedent in the maxim *falsus in uno, falsus in omnibus*, meaning "false in one thing, false in everything." The maxim originated from the common-

2. The trial judge's instructions on credibility were:

> In determining whether the government has established the charge against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all of the witnesses who have appeared before you.
>
> You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed. If there is any conflict in the testimony it is your function to resolve the conflict and to determine where the truth lies.
>
> In reaching a conclusion as to the credibility of any witness, and in weighing the testimony of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether

the witness had full opportunity to observe the matters concerning which she or he has testified to; whether the witness has any interest in the outcome of the case, or friendship or animosity toward other persons concerned with this case.

> You may consider the reasonableness or the unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether he has been contradicted or corroborated by other credible evidence.
>
> If you believe that any witness has shown himself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of such witness so as to affect the desire and capability of that witness to tell the truth.
>
> You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

These instructions are virtually identical to D.C. Bar Ass'n, *Criminal Jury Instructions, supra*, No. 2.11.

law rule that conviction of a felony disqualified a witness; thus, since perjury was a felony, jurors were required to disregard the testimony of one whom they found to have perjured himself at trial. *See Virginian Railway Co. v. Armentrout,* 166 F.2d 400, 405 (4th Cir. 1948); 3A Wigmore evidence § 1009 (Chadbourn rev. ed. 1970). This rule was carried over to this country in the form of a mandatory instruction which directed that if jurors believed that a witness had willfully testified falsely as to any material matter, then they were to disregard the witness' entire testimony. *See* Annot., 4 A.L.R.2d 1077, 1081 (1949). However, this harsh rule was never widely followed and today it is applied only in Georgia, where it is preserved by statute. *Id.,* at 1083; *see Anthony v. Douglas,* 201 So.2d 917, 918 (Fla.App.1967).

Despite the demise of the mandatory instruction, a vestige of the original maxim lingers on in several jurisdictions in the form of a "permissive" charge, which—like the subject standardized instruction in the District of Columbia—states that jurors may disregard all or part of the testimony of a witness whom they believe to have testified falsely as to a material matter. *See Fuchs v. Aronoff,* D.C.Mun.App., 46 A.2d 701, 703 (1946). However, even this permissive form of the concept has been rejected by many courts. *See, e. g., United States v. Taglianetti,* 456 F.2d 1055, 1056 (1st Cir. 1972) (not error to refuse instruction based on maxim); *United States v. Harris,* 346 F.2d 182, 185 (4th Cir. 1965) (same); *Knihal v. State,* 150 Neb. 771, 36 N.W.2d 109, 112–14 (1949) (same); *Rowland v. St. Mary's Bank,* 93 N.H. 246, 40 A.2d 741, 742 (1944) (maxim is "worthless"); *State v. Harris,* 106 R.I. 643, 262 A.2d 374, 377 (1970) (error in future cases to give instruction based on maxim). Moreover, even when out of deference to precedent courts have not flatly rejected the instruction, they have been uniformly critical of it and counseled that it should be avoided. *See, e. g., Smith v. United States,* D.C.App., 269 A.2d 446, 447–48 (1970) (Hood, C. J., concurring); *Beavers v. Boykin,* 273 Ala. 413, 142 So.2d 10, 11 (1962); *Anthony v.*

*Douglas,* 201 So.2d 917, 918–19 (Fla.App. 1967); *Greenfield v. Unique Theatre Co.,* 146 Minn. 17, 177 N.W. 666, 668 (1920); *State v. Leavitt,* 103 R.I. 273, 237 A.2d 309, 316–17, *cert. denied,* 393 U.S. 881, 89 S.Ct. 185, 21 L.Ed.2d 155 (1968). The reasons for such criticism were stated as follows by the Fourth Circuit in *Virginian Railway Co. v. Armentrout, supra* :

> The rule has been watered down until it means no more now than that the jury may disbelieve a witness if they think he is lying; but they need no instruction as to that and giving it with respect to a particular witness accomplishes nothing except to convey to the jury the impression that the judge thinks that the witness has lied. As was well said by Prof. Wigmore in his great work on evidence, 2d Ed., vol. 2 p. 449: "It may be said, once for all, that the maxim is in itself worthless, first, in point of validity, because in one form it merely contains in loose fashion a kernel of truth which no one needs to be told, and in the others it is absolutely false as a maxim of life; and secondly, in point of utility, because it merely tells the jury what they may do in any event, not what they must do or must not do, and therefore it is a superfluous form of words. It is also in practice pernicious, first, because there is frequently a misunderstanding of its proper force, and secondly, because it has become in the hands of many counsel a mere instrument for obtaining new trials upon points wholly unimportant in themselves." [166 F.2d at 405–06, *quoted in Smith v. United States, supra,* 269 A.2d at 447–48 (Hood, C. J., concurring).]

There are two troublesome aspects of the *falsus in uno* instruction which are highlighted by that passage. The first is that the instruction is potentially confusing and prejudicial; the second is that it is superfluous. Rather than paraphrasing what has been well stated in the past concerning the first infirmity of the instruction, we quote the following two excerpts with approval:

> [W]hat is intended to be left to the jury and what is in fact stated to them by the

conventional form of instruction present unfortunate contrasts. The instruction, when conjoined with the usual general instructions expressing the jury's function to determine the credibility of witnesses and the weight of testimony, is ambiguous. For notwithstanding the general obligation placed on the jury to determine the weight and credibility of testimony the court in effect states that they "may" "disregard" . . . the whole of the testimony of any witness on finding that he is intentionally false in any material particular. That presentation appears to lay down for the jury a general rule and then an exception to it. No one can assume that a jury will rightly understand such instructions, especially since the courts themselves do not agree as to their meaning. [4 A.L.R.2d, *supra,* at 1088–89 (footnote omitted).]

\*   \*   \*   \*   \*   \*

One of the serious objections is that the jury readily may get the implication that the trial judge considers that some one or more of the witnesses may have willfully testified falsely. It would not be difficult in most cases for the jury to sift the witnesses and find out which witness or witnesses the judge had in mind. The jury then is distracted from the issues of fact in the case to the issue of what witnesses are in the mind of the judge. More seriously, the instruction under those circumstances constitutes the expression of the opinion of the judge as to the credibility of the witnesses and the weight to be given to their testimony. In determining weight and credibility the jury has had thrown into the scales the opinion of the judge, which is not evidence. [*Knihal v. State, supra,* 36 N.W.2d at 113–14.]

■ Those comments also reflect the superfluousness of the instruction. It is axiomatic that questions of credibility are for the jury. *See, e. g., Gregory v. United States,* D.C.App., 393 A.2d 132, 136 n.6 (1978). To aid in their assessment of credibility, jurors routinely are given instructions explaining their proper role in that regard—as was done in this case. *See* note 2, *supra.* Under those instructions, a jury is free to reject all or part of a witness' testimony, and its members may act on their own judgment as to the credibility and value of that testimony. *See Raia v. Topehius,* 165 Conn. 231, 332 A.2d 93, 95 (1973). *See also United States v. Holland,* 526 F.2d 284, 286 (5th Cir. 1976). When the *falsus in uno* instruction is compared with the standard credibility charge, it is seen that the former adds nothing to the jury's understanding.

In 1948, the circuit court implicitly held that the giving of the instruction was within the discretion of the trial judge. *See Shelton v. United States,* 83 U.S.App.D.C. 257, 259, 169 F.2d 665, 667, *cert. denied,* 335 U.S. 834, 69 S.Ct. 24, 93 L.Ed. 387 (1948). In 1970, in his concurring opinion in *Smith v. United States, supra,* the late Chief Judge Hood stated in part:

It is my opinion that when a trial judge, as he must, instructs the jurors that they are the sole judges of the credibility of the witnesses and the weight to be given their testimony, there is no occasion to give the *falsus in uno* instruction. [269 A.2d at 447.]

■ Our analysis of the problem persuades us that we should join those jurisdictions which have concluded that the *falsus in uno* instruction should be abandoned. Hence, no longer shall its use be deemed appropriate in the District of Columbia court system; we consider it to be fully adequate for a trial judge to instruct the jurors—pursuant to the standard instructions or some acceptable minor variation thereof—that they are the sole judges of both the credibility of the witnesses and the weight to be given their testimony.[3]

---

**3.** To the extent that trial judges previously have had (but, we note, virtually never have exercised) discretion to give the instruction, our ruling on this question is contrary to prior precedent which we no longer consider to be persuasive. In cognizance of our obligations under *M. A. P. v. Ryan,* D.C.App., 285 A.2d 310 (1971) (holding that one division of this court may not overrule either an earlier decision of this court or a pre-February 1, 1971, decision of

■ Such a determination, however, properly may have only prospective applicability. In this case, we readily conclude that the trial judge did not abuse his discretion in denying the request for a *falsus in uno* instruction. While appellant was refused the instruction, that refusal did not work to his disadvantage. Appellant was free to, and did, argue to the jury the significance of the discrepancy between the special officers' testimony. Similarly, under the instructions on credibility the jurors were free to disbelieve any or all of the officers' testimony or accord it whatever weight they deemed to be appropriate. That they apparently chose to attach little if any significance to the limited disparity between the officers' stories was their prerogative, given the proper nature of the overall credibility instructions.[4]

*Affirmed.*

the United States Court of Appeals for the District of Columbia Circuit), we have called the attention of each active member of the full court to the change we effect. Each such judge has made a determination not to call sua sponte for an en banc vote on the issue.

Our statement of these facts is for informational purposes only, and is not intended to limit the right of appellant to request rehearing or rehearing en banc.

4. Appellant's contention that the trial judge was required to give the *falsus in uno* instruction because it embodied his theory of the case is without merit. The defense's theory of the case was that appellant was merely exchanging the merchandise for his aunt; it was not that the officers had fabricated the entire event and that this fiction was manifested by inconsistencies concerning their pretrial discussions.