Richard A. DICENSO, Petitioner, Appellant,

v.

Richard MICHAELS et al., Respondents, Appellees.

Thomas J. McJUNKIN, Petitioner, Appellant,

v.

Richard MICHAELS et al., Respondents, Appellees.

Nos. 81–1505, 81–1506.

United States Court of Appeals, First Circuit.

Argued Dec. 9, 1981.

Decided Jan. 18, 1982.

John C. Martland and Murray P. Reiser, Boston, Mass., with whom Jordan L. Ring,

Ring & Rudnick, and Reiser & Rosenberg, Boston, Mass., were on brief, for petitioners, appellants.

Linda G. Katz, Asst. Atty. Gen., with whom Francis X. Bellotti, Atty. Gen., Stephen R. Delinsky, Asst. Atty. Gen., Chief, Criminal Bureau, and Barbara A. H. Smith, Asst. Atty. Gen., Chief, Criminal Appellate Div., Boston, Mass., were on brief, for respondents, appellees.

Before COFFIN, Chief Judge, ALDRICH and BREYER, Circuit Judges.

ALDRICH, Senior Circuit Judge.

These are appeals from the dismissal of two petitions for writs of habeas corpus. Petitioners were indicted in the state court for a joint rape and for kidnapping and aggravated assault. They were acquitted of rape, but were convicted and are in custody for the other charges. Their present complaint relates solely to alleged prosecutorial misconduct in the presentation of evidence to the grand jury with regard to rape; namely, that the Commonwealth deliberately misled the grand jury by concealing from it medical evidence that tended to contradict the alleged victim's testimony of penetration. Introduced at the trial, this evidence was, apparently, sufficient to raise a reasonable doubt as to the rape charges.

■ Besides vigorously denying any constitutional impropriety in respect to its grand jury presentation,* the state points out that the rape indictments are not the basis of petitioners' custody, and accordingly disputes our jurisdiction. Prima facie it is correct. *United States ex rel. Dessus v. Pennsylvania*, 3 Cir., 1971, 452 F.2d 557, *cert. denied*, 409 U.S. 853, 93 S.Ct. 184, 34 L.Ed.2d 96. Petitioners respond that the incomplete presentation had a synergistic effect, *see United States v. DiGregorio*, 1 Cir., 1979, 605 F.2d 1184, 1189, *cert. denied*, 444 U.S. 937, 100 S.Ct. 287, 62 L.Ed.2d 197, and that if the jury had known the full facts with respect to the victim's testimony

as to rape, it would not have believed her as to the assault and kidnapping, and, consequently, that neither count should stand.

■ In their brief petitioners argue that the rape counts should have been dismissed, as improperly obtained, and that their presence inflamed the jury in passing on the counts for kidnapping and assault, even if those counts were properly brought. This is not the point that they made in the state court by their motions, which were to dismiss the entire indictments. In their application for review by the Supreme Judicial Court they stated their claim to be that if the grand jury had known of the falsity of the victim's testimony, "there could have been *no* indictment and *no* evidence to carry the case to the jury." (Emphasis in orig.). Without in any way suggesting we would find any merit in it, we will not consider a new theory, first advanced in the federal court. *Domaingue v. Butterworth*, 1 Cir., 1981, 641 F.2d 8, 11.

■ Petitioners' custody, on which they must depend for our jurisdiction, being due only to the kidnapping and assault convictions, they must show that the complained-of conduct contributed to, and caused the grand jury's returning the counts for that offense. Since the allegedly false testimony did not relate thereto, this is a very substantial hurdle. The principle of falsus in uno, falsus in omnibus, which they would apply to the victim, obviously not accepted by the petit jury, is of highly doubtful logic. *United States v. Taglianetti*, 1 Cir., 1972, 456 F.2d 1055, 1056. It is particularly inapplicable here, in light of unrebutted evidence aliunde, disclosed in the petitions themselves, notably of semen on her clothing, highly corroborative of the rest of the victim's testimony. The insubstantiality of their claim appeared even further when the record was developed. We must hold that the claim that their custody, solely under convictions for kidnapping and assault, was related to the prosecutor's complained-of conduct with relation to an alleged rape,

---

* *See, e.g., United States v. Kennedy*, 9 Cir., 1977, 564 F.2d 1329, 1335–38, *cert. denied*, 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541; *United States v. Ruyle*, 6 Cir., 1975, 524 F.2d 1133, *cert. denied*, 425 U.S. 934, 96 S.Ct. 1664, 48 L.Ed.2d 175, and cases cited.

fails as matter of law; it is not conceivable that if the medical evidence had been presented to the grand jury it could have affected its thinking with regard to the kidnapping and assault. Petitioners having failed altogether to connect their custody with the alleged prosecutorial misconduct, the appeal must be dismissed for failure to establish jurisdiction. *Cf. Turner v. Wilson Line of Massachusetts*, 1 Cir., 1957, 242 F.2d 414.

*Dismissed for lack of jurisdiction.*