**Thomas G. SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 88–154.**

District of Columbia Court of Appeals.

Submitted June 14, 1989.

Decided Sept. 13, 1989.

Marian Flynn, appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., Michael W. Farrell, Asst. U.S. Atty., at the time the brief was filed, and Bruce Delaplaine, Asst. U.S. Atty., Washington, D.C., were on the brief for appellee.

Before NEWMAN and SCHWELB, Associate Judges, and REILLY, Senior Judge.

---

**PER CURIAM:**

A jury convicted appellant of one count of distribution of heroin.[1] On appeal, he contends that (1) the evidence adduced at trial was insufficient to support that conviction, and (2) that the trial court erred in excluding the testimony of a police officer. We disagree and affirm.

■ Having reviewed the testimony in the light most favorable to the government, *see Stack v. United States,* 519 A.2d 147, 159–60 (D.C.1986); *Glascoe v. United States,* 514 A.2d 455, 457 (D.C.1986), we conclude that there is ample evidence in the record to support appellant's conviction. An undercover police officer testified that she met a man who offered to take her to a heroin dealer. The officer was then introduced to appellant, who advertised the product he had for sale as "rising high"—a street name for heroin. Appellant then handed the officer a plastic bag containing a white powder, in exchange for $30 in prerecorded paper currency. Other policemen responding immediately to a description broadcast by the first officer, arrested appellant and found the incriminating currency in his pocket.

Conceding that this transaction did occur, appellant testified that he never intended to sell any genuine heroin to the undercover officer, that he had personally prepared the mixture, and although the ingredients and the bag itself bore a superficial resemblance to packets of heroin frequently sold on the streets to addicts, this particular bag contained no prohibited narcotic substance. He also testified that it was a practice of his to raise money by approaching persons who were strangers to him, and tricking them into buying "burn bags"—fraudulent facsimilies of heroin substances. As a knowing intention to violate the law is one of the elements of the offense with which he was charged, he argues that evidence of such intent was lacking here, and consequently, it was error to allow the case to go to the jury.

According to the first police officer, after a field test had yielded positive results, she had placed the bag in a sealed container. A later analysis by an official chemist proved the bag to contain 250 milligrams of powder of which some 4 milligrams were heroin.

The defense was unable to offer any evidence to sustain its suggestion that the substance analyzed came from a bag taken from some other person and later inadvertently confused with the one the police officer transferred for chemical analysis. Given these facts, and the jury's role of determining the credibility of witnesses, *see Kinard v. United States,* 416 A.2d 1232, 1235 (D.C.1980), it is our opinion that reasonable jurors properly could conclude that appellant was guilty beyond a reasonable doubt of the charged offense. *See Murchison v. United States,* 486 A.2d 77, 81 (D.C.1984).

■ A more telling argument is advanced to support appellant's position that the trial court committed error by refusing to allow a police officer called by the defense to take the stand. This particular officer was prepared to testify (and did say when examined on *voir dire*) that on eight different occasions in the year preceding trial, he had stopped appellant on the streets and searched him, only to discover that the small bags or packets of powder the latter was purveying contained no narcotic ingredients. He now argues that the exclusion of the proffered testimony was wrong as such testimony was analogous to the "concurrence of unusual and distinctive facts" situation, recognized as an exception to the general prohibition of the introduction by prosecutors of evidence that a defendant has committed other crimes, citing *Drew v. United States,* 118 U.S.App. D.C. 11, 331 F.2d 85 (1964).

Had appellant made this proffer simply to demonstrate a consistent practice on his past of selling "burn bags" rather than heroin, we would regard the exclusionary ruling as highly questionable. Such a pattern of conduct is logically relevant to the question of what appellant intended to sell on the occasion which precipitated this prosecution. It makes it more probable

---

1. D.C.Code § 33–541(a)(1) (1988 Repl.).

that he intended to obtain money for counterfeit heroin when he was arrested for the instant offense, and therefore lacked the requisite intent to distribute a controlled substance. Decisions excluding "other crimes" evidence when it is offered by the prosecutor in a criminal case are not predicated on the lack of relevance of such evidence, but on its tendency to undermine the presumption of innocence and to prejudice the defendant. *See Thompson v. United States*, 546 A.2d 414, 418–19 (D.C. 1988). The prosecutor here can invoke no protection comparable to the presumption of innocence. It is difficult to discern how the government would be legally prejudiced by the admission of such evidence, except to the limited extent to which it might require diversion of the inquiry to collateral matters.

The government, however, points out that the eight arrests which the officer was ready to describe occurred after appellant's arrest for the transaction which resulted in the challenged conviction—having been made during the period of time between such date and the beginning of his trial. Hence, it defends the exclusionary ruling by arguing that a contrary holding would encourage a criminal to create a body of evidence after arrest solely to establish a defense.

Obviously this possibility should cause a trial court to view with caution any proffer of a defendant's conduct after his arrest. We do not believe, however, that this generally legitimate concern applies in any substantial measure to the present facts. One who effectuates a sale by lying about his wares, even unlawful wares, can be prosecuted for the offenses of obtaining money under false pretenses. It appears improbable that a defendant would go out and risk numerous new prosecutions, not to mention the hazard of lethal retaliation by drug addicts, just to develop an evidentiary pattern for use in the instant case.

As Smith's counsel acknowledges in the brief on appeal, however, "the testimony of Officer Kershaw Shannon was proffered to and rejected by the trial court as reputation evidence." In our opinion, reception of the proffered testimony on the issue of reputation or character is effectively foreclosed by *Hack v. United States*, 445 A.2d 634, 642–43 (D.C.1982). In the circumstances of this case, the court had no obligation to admit the evidence on a theory different from that urged on him by the defense, and its failure to do so was not prejudicial error.

*Affirmed.*