IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 37537

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 309 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 4, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GUILLERMO G. BEDOLLA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment of conviction for misdemeanor battery, felony aggravated assault, and a deadly weapon enhancement, affirmed.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Guillermo G. Bedolla appeals from his judgment of conviction for misdemeanor battery, felony aggravated assault, and a deadly weapon enhancement. Bedolla contends the district court erred in instructing the jury. For the reasons set forth below, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Bedolla was involved in a fight with one of his co-workers and charged with misdemeanor battery, felony aggravated assault, and a deadly weapon enhancement. At trial, the State offered the testimony of five of Bedolla's co-workers and two police officers. One of the five co-workers was the victim. The victim's testimony about the incident was corroborated by the other co-workers. The victim's testimony, according to Bedolla, was also impeached by the police officer who testified to talking to the victim three times, whereas the victim testified to only talking once to the police. Bedolla offered no other evidence. At the conclusion of the

1

evidence, the court gave a "*falsus in uno, falsus in omnibus*"[1] instruction. Bedolla did not object to the instruction. After two hours of deliberation, the jury convicted Bedolla of the charges. Bedolla timely appealed, asserting for the first time that the court erred in instructing the jury.

## II.

## DISCUSSION

Bedolla contends the district court committed fundamental error in giving the jury an erroneous instruction that impermissibly restricted the jury's province to weigh the credibility of witnesses and the evidence. This erroneous instruction, he contends, prejudiced him because he had argued that the jury should disregard the victim's testimony, but the instruction limited the jury's ability to do this to the extent the victim's testimony was corroborated by the other co-workers.

The question of whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). We presume the jury followed the district court's instructions. *See State v. Kilby,* 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996).

The court gave the following instruction to the jury, which Bedolla contends is an improper version of the common law rule of "*falsus in uno, falsus in omnibus*":

> You are instructed that a witness may be impeached by contradictory evidence or by evidence that the witness has made, at other times, statements inconsistent with the witness' testimony given on the witness stand.
> You are further instructed that if a witness is successfully impeached, or if the jury believes from the evidence that a witness has willfully sworn falsely during the trial as to any matter or thing material to the issues in the case, then the jury is at liberty to disregard the witness' testimony, *except insofar as the witness has been corroborated by other credible evidence or by facts and circumstances appearing during the trial*.

(Emphasis added.) Bedolla contends the final clause of the instruction is an incorrect statement of the common law rule. Bedolla argues that the common law instruction contained no limitation

---

[1]     This phrase translates as "false in one thing, false in everything." *See Kinard v. United States*, 416 A.2d 1232, 1233-1234 (D.C. Cir. 1980).

regarding the jurors' ability to disregard a witness's testimony who has knowingly testified falsely with regard to material matters at trial. According to Bedolla, the instruction "impermissibly limited the jurors' power to reject the testimony of an impeached (or otherwise disbelieved) witness to those limited situations in which there is no corroboration of that witness' testimony," in violation of his Sixth Amendment right to a jury determination.

Ordinarily, a party may not claim a jury instruction was erroneous unless the party objected to the instruction prior to the start of jury deliberations. Idaho Criminal Rule 30(b). However, even absent a timely objection to the trial court, a narrow exception exists for those issues rising to the level of fundamental error. *State v. Perry*, 150 Idaho 209, 228, 245 P.3d 961, 980 (2010); *State v. Reid*, 151 Idaho 80, 83-84, 253 P.3d 754, 757-758 (Ct. App. 2011). In *Perry*, the Idaho Supreme Court clarified the fundamental error doctrine applicable where an alleged error was not followed by a contemporaneous objection:

> Such review includes a three-prong inquiry wherein the defendant bears the burden of persuading the appellate court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) plainly exists (without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision); and (3) was not harmless. If the defendant persuades the appellate court that the complained of error satisfies this three-prong inquiry, then the appellate court shall vacate and remand.

*Perry,* 150 Idaho at 228, 245 P.3d at 980.

Here, for the reasons explained below, we conclude the error complained of was not fundamental because the second prong, requiring that the error plainly exists, was not met; thus, we need not address the remaining prongs. With respect to this second prong of the *Perry* test, the error "must be clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision . . . ." *Id*. at 226, 245 P.3d at 978. Because our Supreme Court drew heavily upon the federal plain error doctrine in arriving at the *Perry* definition of fundamental error, we consult federal case law in elucidating the second element of the *Perry* test. According to the United States Supreme Court's decision in *United States v. Olano*, 507 U.S. 725 (1993), "'plain' is synonymous with 'clear' or, equivalently, 'obvious.'" *Id*. at 734. Thus, the inquiry is whether "the error is clear under current law," *id*., or, as articulated by the Ninth Circuit Court of Appeals, whether the "available authorities provide a clear answer to the question . . . ." *United*

3

*States v. Thompson*, 82 F.3d 849, 855 (9th Cir. 1996).  In *Thompson*, the court held that the issue which was raised for the first time on appeal did not satisfy the "plain error" standard because there was at least some room for doubt about the outcome of the issue since there was no controlling United States Supreme Court precedent and the other circuits were split.  *Id.* at 856.  *Accord United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007) (holding there was not "plain error" where the circuit's law was unsettled on the issue and other circuits had reached divergent conclusions); *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) (holding where no precedent clearly resolved the defendant's claim of error, the error was not "obvious" and  could not be reviewed under the plain error doctrine); *United States v. Alli-Balogun*, 72 F.3d 9, 12 (2nd Cir. 1995) (holding that a claimed error could not be plain error when the Supreme Court and the Second Circuit had not spoken on the subject and the authority in the other circuits was split).  We, therefore, conclude the second element of the *Perry* test for fundamental error, requiring the error plainly exist, necessitates a showing by the appellant that existing authorities have *unequivocally* resolved the issue in the appellant's favor.

Such is not the case here.  While we acknowledge the possible problems attendant to use of the instruction, as Bedolla concedes, Idaho appellate courts have never disavowed the use of this instruction.  In fact, the instruction was discussed favorably in its last mention.  *See State v. Brown*, 94 Idaho 352, 355, 487 P.2d 946, 949 (1971), *overruled on other grounds by State v. Flint,* 114 Idaho 806, 761 P.2d 1158 (1988).  Nor do we find merit in Bedolla's contention that we should nonetheless find that use of the instruction was plain error because the instruction has not been addressed by our appellate courts for several decades and is not included in the current version of Idaho's model jury instructions, an absence, he contends, most likely attributable to the fact that this instruction has been nearly universally criticized in all jurisdictions called upon to examine its usage.

Thus, while there may be merit in Bedolla's argument that the instruction should not be used, we are precluded by the doctrine of plain error from reaching the merits of the issue because there remains some doubt as to the outcome of the issue.  On one hand, an Idaho court could reaffirm the use of the instruction and conclude that such an instruction is merely an acceptable statement of the "obvious" premise that a jury need not reject an impeached witness's entire testimony if there is reason not to.  On the other hand, an Idaho court could join those jurisdictions that have abandoned use of the instruction as inaccurate and/or confusing.  Thus, the

4

error was not "plain." Accordingly, this issue is not one of fundamental error under the *Perry* standard that we can consider for the first time on appeal and we do not reach the merits.

## III.

## CONCLUSION

We do not reach the merits of Bedolla's assertion that the district court erred in instructing the jury because Bedolla has not shown that giving the instruction at issue is plain error and, therefore, may be addressed for the first time on appeal. Accordingly, Bedolla's judgment of conviction for misdemeanor battery, felony aggravated assault, and a deadly weapon enhancement are affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**